**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PAULA QUINN, on behalf of herself and all others similarly situated,
Plaintiff,
v.

FMA ALLIANCE, LTD.,
Defendant.

Case No. 1:17-CV-3865

Judge

**CLASS ACTION COMPLAINT**

Plaintiff PAULA QUINN ("Quinn"), by and through her attorney, Kenneth M. DucDuong of KMD Law Office, Ltd., and for her Complaint against FMA ALLIANCE, LTD. ("FMA") to obtain damages, costs of suit, and other suitable relief from Defendant, for initiating non-emergency telephone calls using an automatic telephone dialing system to cellular telephone numbers without the prior express consent of the called party, in violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.*, as amended, states and alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has original jurisdiction under the TCPA as stated in *Mims v. Arrow Financial Services, LLC*, 132 S. St. 740 (2012), pursuant to 28 U.S.C. §§1331 & 1337, and 47 U.S.C. §227(b)(3).

2. This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiff's state law claims as they are so related to Plaintiff's TCPA claims that they form part of the same case or controversy.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the allegations herein relate to Defendant's transactions in this District, and FMA is located or

conducts business with consumers like Plaintiff in this District.

4. All allegations in this complaint are based on information and belief and/or the documents and information currently available and in the hands of Plaintiffs' attorneys, and are such that additional evidentiary support and detail will be forthcoming after a reasonable opportunity for further investigation or discovery.

## PARTIES

5. Plaintiff Paula Quinn ("Quinn") is a natural person who resided in this District at the time this action was filed.

6. Defendant FMA Alliance, Ltd. is a limited corporation, which is headquartered at 12339 Cutten Road, Houston, TX 77066-1807.

7. FMA is licensed as a debt collection agency in the state of Illinois.

8. FMA's principal business is debt collection owed to a third party.

9. Plaintiff alleges fictitiously Doe Defendants 1 through 20. Plaintiff is ignorant to the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant sued herein, and therefore, sues such defendants by such fictitious names. Plaintiff will seek leave to amend her compliant when the true name and capacities have been ascertained through discovery. Plaintiff alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff. Doe Defendants may include the officers, directors, members, managers, partners, owners, and/or shareholders of Defendant and its affiliates.

10. Defendant and Doe Defendants 1-20 are collectively referred to as "Defendants," unless indicated otherwise.

**CLASS ALLEGATIONS**

11. Plaintiff brings this lawsuit on behalf of herself and all other persons similarly situa1ted under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

12. Since at least 1983 or thereabout, the exact date and year being unknown to Plaintiff, and continuing to the present, Defendant placed hundreds and thousands of calls to individuals like Plaintiff to collect a purported debt, using an automated telephone dialing system, or an ATDS.

13. This class action complaint is brought on behalf of a class. The TCPA Class is comprised of all persons who, according to FMA's record, meet the following criteria, subject to amendment as appropriate:

> (1) All persons resided in Illinois and to whom a call was initiated by either FMA Alliance, Ltd. or some vendor(s) acting on its behalf (2) to such person's cellular telephone number (3) using an unattended telephone message and/or the same or similar telephone systems that FMA Alliance, Ltd., or any person on its behalf, used to call a cellular telephone number like Plaintiff's 773-XXX-4113, (4) in the four year period preceding the date of filing of this action and (5) where FMA Alliance, Ltd. did not have prior express permission to make the call.
>
> Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest, any officers or directors of Defendant, the legal representative, heirs, successors, and assigns of Defendant, and any Judge assigned to this action, and his or her family.

14. FMA has in its exclusive possession, custody and control of the list of persons who were class members.

15. The exact size of the class information is within the exclusive knowledge of FMA or its vendors.

16. As part of Defendants' debt collection practice, Defendant regularly sends

consumers' form collection letters and dun consumers by telephone calls and letter, which violated the FDCPA.

17. This action is brought and may properly be maintained as a class action pursuant Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions. Plaintiff does not know the exact size of the class. Such information is in Defendant's possession due to the nature of the trade and business involved, and the fact that Defendants regularly represented creditors and mortgage servicers.

18. Common questions of law and fact exist as to all members of the class and predominate over any questions affecting individual members of the class, including Plaintiff, including but not limited to:

a. Whether Defendant placed non-emergency calls to Plaintiff's and class members' cellular telephones using an ATDS;

b. Whether Defendant has obtained prior express consent from Plaintiff and class members prior to placing non-emergency calls to Plaintiff's and class members' cellular telephones using an ATDS;

c. Whether FMA's unattended messages used an artificial or prerecorded voice under the TCPA and/or the FCC's rules; and

d. Whether Defendant, willfully or otherwise, violated the TCPA and therefore is liable for statutory damages.

19. The claims of Plaintiff are typical of those of the class members and based on the same facts or legal theories.

20. Plaintiff will fairly and adequately protect the interests of the class, and has

retained experienced counsel to prosecute the claims. Neither Plaintiff nor her retained counsel have any conflict interest, which might cause them not to vigorously pursue this action.

21. This action can be certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant(s) have acted on grounds that apply generally to the class, so that injunctive relief is appropriate with respect to the class as a whole.

22. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate because (1) the questions of law or fact common to the members of the class predominate over any questions affecting an individual member; (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy; class treatment will permit a large number of similarly situated persons to prosecute their common claims related to Defendant's autodialed calls to their cellular telephones.

23. Absent a class action, many members of the class will likely not obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendant's illegal practices, due to the prohibitive time and monetary costs inherent in individual litigation, or otherwise.

## FACTS

### A. Specific Allegations With Respect to Paula Quinn

24. Within the four years period prior to the date of filing of this action, FMA, its predecessors in interest and/or vendors have made numerous telephone calls to Plaintiff's cellular telephone number, in an attempt to collect a debt.

25. Specifically, in 2016 and 2017 and other times unknown to her, Plaintiff

received automated telephone calls from Defendant to her cell phones at 773-XXX-4113, including but not limited to the following dates and times:

| Date | Time | Calling From | Note |
|---|---|---|---|
| February 16, 2017 | 5:24 PM | 888-327-8663 | No message |
| February 23, 2017 | 1:50 PM | 888-327-8663 | Call went to voice mail; 4-5 seconds of dead air; no voice message left |
| February 27, 2017 | 7:30 PM | 888-327-8663 | Answered; 5-7 seconds of dead air, then phone disconnected |
| March 8, 2017 | 11:40 AM | 888-327-8663 | Missed call |
| March 28, 2017 | 1:04 PM | 888-327-8663 | Missed call |

26. FMA made these and other telephone calls to Plaintiff's cellular telephone using a predictive dialer.

27. From time to time, Defendant called Plaintiff's cellular phone and then hung up before Plaintiff could answer her phone.

28. Other times, FMA called Plaintiff's cellular telephone, hung up, and did not leave a message.

29. Plaintiff's telephone number 773-XXX-4113 is an assigned cellular telephone number.

30. The purpose of FMA's telephone calls to Plaintiff's cellular telephone was to collect a debt, and not for emergency purpose.

31. When Plaintiff answered calls from FMA or when the call went to Plaintiff's voice message, Plaintiff would hear an initial period of silence or dead air between 5-7 seconds, and then the phone disconnected but was not transferred to a "live" person.

32. A dead air of several seconds between 5-7 seconds at the beginning of a message or call is telltale characteristic of predictive dialer technology where the dialer

connects a call to a consumer and then connect to a "live" agent to the call.

33. FMA's calls to Plaintiff's cellular telephone came from 888-327-8663, which belongs to FMA.

34. FMA called Plaintiff's cellular telephone using an automated telephone dialer telephone system, or ATDS.

35. FMA is registered in the state of Texas, and many other jurisdictions, to use an auto dialer announcing device or system, and maintained its auto dialer announcing device or system in Houston, Texas.

36. FMA had no express permission or consent, or otherwise, from Plaintiff prior to placing automated calls using an ATDS or an artificial or prerecorded voice on Plaintiff's cellular telephone.

37. On information and belief, FMA obtained Plaintiff's cellular telephone number via skip-tracing service.

38. FMA makes debt collection calls to consumers, including Plaintiff, in the regular course of its business.

39. FMA called Plaintiff's and class members' cellular telephone numbers.

40. FMA placed calls to Plaintiff and class members using predictive dialers such as its auto dialer announcing device or systems that Defendant registered with regulatory agencies including the Texas's Public Utility Commission.

41. FMA uses software on its dialing system(s), which has the capacity to predictively dial in its telephone calls to a telephone number such as Plaintiff's.

42. FMA's call center(s) and dialing infrastructure have the capacity to store a database of telephone numbers.

43. FMA's call center(s) and dialing infrastructure have the capacity to dial telephone numbers from a stored list either at random or in some sequence.

44. FMA programs telephone numbers into its dialing system(s), which then dials those numbers at a rate to ensure that a customer representative will be available when a consumer answers the telephone.

45. FMA's dialing system(s) has the capacity to dial from a list of telephone numbers without human intervention.

46. The telephone calls to Plaintiffs were initiated by FMA using an automatic telephone dialing system.

47. On information and belief, FMA had a practice of making computerized notations regarding oral requests from consumers to cease and desists calls on their cellular telephone. However, if the consumer fail to make the cease-and-desist request in writing, it would automatically re-load the cellular telephone numbers back into its autodialer.

48. FMA knew that the TCPA prohibits making telephone cells to a cellular telephone without prior express consent, but made these autodialed calls to cellular telephones in spite of such knowledge.

49. FMA made the autodialed calls intentionally, willfully, and knowingly.

50. The calls to cellular telephones initiated by FMA were not made by accident or mistake.

51. Defendant's predictive dialers are capable of storing, producing, and dialing any telephone number, and is capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. Such predictive dialers otherwise

constitute an "automatic telephone dialing system" under 47 U.S.C. §227(a)(1).

52. Defendant did not receive Plaintiff's prior express consent to call her on her cell phone.

53. Defendant did not have a pre-existing business relationship with Plaintiff prior to calling her on her cellular telephone.

**The Telephone Consumer Protection Act**

54. The TCPA prohibits autodialed or prerecorded non-emergency calls to cell phone numbers unless the call is made with "the prior express consent of the called party."

55. Specifically, section 227(b)(1)(A) of the TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United states to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party using any automatic telephone dialing system . . . to any telephone number assigned to a cellular telephone service . . .

47 U.S.C. §227(b)(1)(A).

56. Section 227(b)(3) provides telephone subscribers a private right of action for injunctive relief and statutory damages for violations:

> A person or entity may . . . bring . . . an action based on a violation of 47 U.S.C. § 227(b)] to enjoin such a violation, an action to recovery for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, which is greater, or both . . . If the court finds that the defendant willfully or knowingly violated [47 U.S.C. § 227(b),] the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the [statutory damages].

47 U.S.C. §227(b)(3).

57. Pursuant to the TCPA and the FCC 2008 Declaratory Ruling, the burden in on Defendant to demonstrate that it had prior express consent to place calls to Plaintiff's cellular telephone using an ATDS or an artificial or prerecorded voice message.

58. Under the TCPA, Defendant has the burden to establish the calls placed to Plaintiff's cellular telephone were for an emergency purpose.

**COUNT I**

**VIOLATION OF THE TCPA**

59. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 58 as if fully set forth in this paragraph.

60. Defendant's violations of the TCPA include, but not limited to making and/or initiating telephone calls using an automated telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. §227(b)(A)(iii) and 47 C.F.R. §64.1200(a)(1)(iii) and (a)(2) in relation to Plaintiff and class members.

61. As a result of Defendant's violations of the TCPA, it is liable to Plaintiff statutory damages of $500 up to $1,500, if willful.

62. Defendant's violations were willful and knowing.

63. Plaintiff, on behalf of herself and the class, requests treble damages pursuant to 47 U.S.C. §227(b)(3).

64. Plaintiff, on behalf of herself and the class, requests that Defendant be enjoined from future TCPA violations.

WHEREFORE, Plaintiff, Paula Quinn, on behalf of herself and all other persons similarly situated, respectfully prays that this Honorable Court enter a judgment in her favor, and against Defendant, FMA Alliance, Ltd., as follows:

A. Certification of this action to proceed as a class action;

B. For an award of statutory damages under 47 U.S.C. §227(b)(3)(B), or treble

statutory damages, if willful, as permitted under 47 U.S.C. §227(b)(3) of the TCPA;

C. Injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to prevent Defendant from engaging in similar future conduct in violation of the TCPA;

D. Costs of this Action pursuant to Fed. R. Civ. P. 54; and

E. For such other or further relief as this Court deems just and equitable.

Respectfully Submitted,

By: s/Kenneth M. DucDuong
Attorney for Plaintiff

*Counsel for Plaintiff*:

Kenneth M. DucDuong
KMD LAW OFFICE, LTD.
4001 West Devon Avenue, Suite 332
Chicago, IL 60646
Tel.: 312.997.5959
Fax: 312.219.8404
E-Mail: kducduong@kmdlex.com

**JURY DEMANDED**

Plaintiff demands trial by jury on all issues triable.

Respectfully Submitted,

By: *s/ Kenneth M. DucDuong*
Kenneth M. DucDuong
One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

Kenneth M. DucDuong
KMD LAW OFFICE, LTD.
4001 West Devon Avenue, Suite 332
Chicago, IL 60646
Tel.: 312.997.5959
E-Mail: kducduong@kmdlex.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take affirmative steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: *s/ Kenneth M. DucDuong*
Kenneth M. DucDuong
One of Plaintiff's Attorneys

**ATTORNEY LIEN**

Plaintiff has assigned to her counsel as her attorney's lien all fees and costs permitted and assignable under the laws.

By: *s/ Kenneth M. DucDuong*
Kenneth M. DucDuong
One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

Kenneth M. DucDuong
KMD LAW OFFICE
4001 West Devon Avenue, Suite 332
Chicago, IL 60646
Tel.: 312.997.5959
E-Mail: kducduong@kmdlex.com